UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ANDRE J. TWITTY
                                         PRISONER
    v.                            CASE NO. 3:05CV229(PCD)

WAYNE CHOINSKI and
FEDERAL BUREAU OF PRISONS

RULING AND ORDER

The petitioner, Andre J. Twitty ("Twitty"), is a federally-sentenced prisoner. He filed this action, pursuant to 28 U.S.C. § 2241, while confined at the Northern Correctional Institution in Somers, Connecticut, pursuant to an intergovernmental agreement. Since he filed this action, Twitty has been transferred to the United States Penitentiary in Florence, Colorado. Pending are four motions filed by Twitty. For the reasons that follow, the motions are denied.

I. <u>Motion Request for Order Directing the U.S. Marshal Service to Forthwith Take Custody of Petitioner Pending Resolution of the Instant Habeas Corpus Brief in Support [doc. #11]</u>

Twitty asks the court to order the U.S. Marshal Service to take custody and transfer him from the state correctional institution while this action is pending. This motion is moot for two reasons. First, Twitty no longer is confined at Northern Correctional Institution. Second, the court denied the petition

and closed this case on May 20, 2005, two weeks before the court received this motion. Accordingly, Twitty's motion [**doc. #11**] is **DENIED** as moot.

II. Motion for Rule 59(e) to Alter or Amend the Judgment Entered on 18 May 2005, Regarding Petitioner's 28 U.S.C. 2241, Brief in Support [doc. #14]

Twitty seeks reconsideration of the court's decision that it lacked jurisdiction to entertain this petition pursuant to 28 U.S.C. § 2241. He argues that the court ignored his claim of actual innocence.

Twitty is mistaken. The court acknowledged that actual innocence may permit an inmate to challenge his conviction under section 2241. The court noted, however, that both the Second and Eleventh Circuits invoke this exception sparingly. The Second Circuit has afforded relief under the exception when a section 2255 motion was not available and the petitioner was claiming "actual innocence" of the crime of which he was convicted. See Triestman v. United States, 124 F.3d 361, 380 (2d Cir. 1997). It applies the exception in "relatively few" cases "in those extraordinary instances where justice demands it." Triestman, 124 F.3d at 378.

In Triestman, the inmate's claim of actual innocence was based upon a Supreme Court decision that was made retroactive. As a result of the decision, the actions upon which Triestman's convictions were based, no longer constituted a federal offense.

2

See 124 F.3d at 374.  Twitty, on the other hand, already has raised his claim of actual innocence several times before Northern District of Georgia and the Eleventh Circuit.  The fact that his claims were rejected does not constitute extraordinary circumstances as required to invoke the exception to the requirement that a challenge to his conviction be raised in a motion filed pursuant to 28 U.S.C. § 2255.  Rather, the fact that Twitty was unsuccessful on this claim in his previous petitions demonstrates that the exception should not be applied.  See Poindexter v. Nash, 333 F.3d 372, 378 (2d Cir. 2003) (savings clause only applies when relief is procedurally unavailable under section 2255 and petitioner asserts "claim of actual innocence that (a) is 'prov[able] ... on the existing record,' and (b) 'could not have effectively [been] raised ... at an earlier time'").

Twitty's motion to alter or amend the judgment in this case [**doc. #14**] is **DENIED**.

III. Motion for Discovery Pursuant to 28 U.S.C. 2241 Writ of Habeas Corpus, Fed. R. Civ. P. 6(a), In Order to Support Petitioner's Pending Rule 59(e) Motion to Amend or Alter the Judgment of the District Court, and Petitioner's Claim of Judicial Bias, Brief in Support [doc. #16]

Twitty seeks permission to conduct discovery regarding past orders of the undersigned and documents produced by the Office of the United States Attorney for the District of Connecticut to attempt to find evidence of judicial bias and, possibly, enable

3

him to file another lawsuit.

The court dismissed the petition for lack of jurisdiction after reviewing the applicable law and the fact that Twitty has had several opportunities to present his claims to the sentencing court and the Eleventh Circuit.  Because it concluded that jurisdiction was lacking, the court did not review the merits of Twitty's claim of actual innocence.  Thus, whether the court described Twitty's claim in language closer to that used by the respondent than that used by Twitty is irrelevant.

Adverse rulings, in and of themselves, do not demonstrate judicial bias.  See  Liteky v. United States, 510 U.S. 540, 555 (1994).  This case is closed.  The court will not reopen this case to enable Twitty to conduct research for a future case or investigate his baseless claim of judicial bias.  Twitty's motion seeking discovery [**doc. #16**] is **DENIED**.

IV. Motion for Release Pending Appeal, Brief in Support [doc. #17]

Finally, Twitty asks the court to order that he be released while the appeal of this case is pending.  Twitty cites as authority for his motion 18 U.S.C. § 3143.  This statute provides for release pending direct appeal of a criminal conviction. Twitty's direct appeal already has been denied.  The fact that he disagrees with that decision does not alter the fact that section 3143, by it terms, does not apply to appeal of the denial of a habeas corpus petition.

Twitty's motion for release pending appeal [**doc. #17**] is **DENIED** without prejudice.  Twitty may refile his motion with the Court of Appeals.

V.  Conclusion

Twitty's motions for release [**doc. #11],** to alter or amend judgment [**doc. #14]** and for discovery [**doc. #16**] are **DENIED**.  His motion for release pending appeal [**doc. #17**] is **DENIED** without prejudice.

**SO ORDERED** at New Haven, Connecticut this   19th   day of December, 2005.

                                      /s/
                              Peter C. Dorsey
                              United States District Judge